# MEMORANDUM DECISIONS.

In re ADAMS. (Supreme Court, Appellate Division, Fourth Department. March 21, 1906.) In the matter of the application of James N. Adams for the removal of William D. Doherty from the office of police commissioner of the city of Buffalo. No opinion. Order entered referring this matter to Hon. William A. Sutherland, counselor at law, residing in the city of Rochester, to take the proofs herein and report to this court, with his opinion thereon.

ADAMS, Respondent, v. LAWSON, Appellant. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Thomas F. Adams, trustee, etc., against Judn Lawson. No opinion. Judgment and order affirmed, with costs.

ALLEN, Respondent, v. NEW YORK SAVINGS BANK, Appellant. (Supreme Court, Appellate Division, Second Department. March 1906.) Action by William B. Allen against the New York Savings Bank. No opinion. Judgment of the Municipal Court affirmed, with costs.

ALLEN, Respondent, v. PIERSON et al., appellants. (Supreme Court, Appellate Division, Fourth Department. January 10, 1906.) Action by Addie A. Allen, against Albert H. Pierson and others. PER CURIAM. Order affirmed, with $10 costs and disbursements. HISCOCK, J., not sitting.

ALLEN v. PIERSON et al. (Supreme Court, Appellate Division, Fourth Department. March 1906.) Action by Addie A. Allen against Albert H. Pierson and others. No opinion. Motion to dismiss appeal from order granted upon the ground that the so-called order is a mere decision from which no appeal can be taken separately from the judgment.

ALLTER v. JEROME et al. (Supreme Court, Appellate Division, Third Department. March 7, 1906.) Action by Wesley Allter against Lydia Jerome and Agatha Smith. No opinion. Motion denied.

In re APPOINTMENT OF TWO TRUSTEES FOR CITY AND COUNTY HALL FOR USE OF CITY OF BUFFALO AND ERIE COUNTY. (Supreme Court, Appellate Division, Fourth Department. March 14, 1906.) In the matter of the appointment of two trustees for the city and county hall for the use of the city of Buffalo and the county of Erie.

No opinion. Order entered appointing Henry V. Bisgood, of the city of Buffalo, and Frank R. Whaley, of East Aurora, trustees for the term of six years ending May 2, 1912.

BAIRD, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 10, 1906.) Action by Isaac E. Baird against the Erie Railroad Company. PER CURIAM. Judgment affirmed, with costs. SPRING, J., dissents. NASH, J., not sitting.

BALDINGER et al., Appellants, v. SCHWARTZLER, Respondent. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Louis Baldinger and Oscar Kupferman against Albert J. Schwartzler. No opinion. Judgment of the Municipal Court affirmed, with costs.

BAMBACE, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 9, 1906.) Appeal from Trial Term, New York County. Action by Joseph Bambace, as administrator, etc., against the Interurban Street Railway Company. From a judgment for plaintiff, and from an order denying its motion for a new trial, defendant appeals. Judgment and order reversed, and new trial ordered, on conditions. Bayard H. Ames, for appellant. James C. Cropsey, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered, including interest and costs, to the sum of $2,917.44, in which event the judgment, as so modified, and the order appealed from, are affirmed, without costs.

LAUGHLIN, J. I dissent, upon the ground that the court erred in refusing to charge the ninth request presented by the defendant. I am of opinion that there was evidence to warrant the jury in finding the facts recited therein, and that on those facts the defendant could not be charged with negligence, as there was no evidence that the car could have been stopped within five or six feet, and, furthermore, that the decedent would in such circumstances be deemed guilty of contributory negligence as matter of law.

BARNES, Appellant, v. CARLISLE, respondent. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action